IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHANNON TECOKO MAYS | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-245 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Shannon Tecoko Mays, a federal prisoner, proceeding through counsel, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The Motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On February 5, 2014, in the Eastern District of Texas, Movant was indicted on one count of conspiracy to commit wire fraud in cause number 1:14-CR-19. While Movant was initially detained, he was subsequently released on conditional release. After Movant failed to appear for a pretrial conference on January 8, 2015, the district court revoked his bond and issued a warrant for his arrest.

On February 4, 2015, Movant was indicted for failure to appear after pretrial release in cause number 1:15-CR-5. More than two years later, on June 30, 2017, Movant was arrested.

A pretrial conference was scheduled for October 2, 2017, to be followed with jury selection and trial on October 10, 2017. On October 2, 2017, proceeding without a plea agreement, Movant entered a plea of guilty to Count One of the indictment in cause number 1:14-CR-19 and Count One of the indictment in cause number 1:15-CR-5. The magistrate judge entered a Report recommending that the district court accept the guilty plea and adjudge Movant guilty of the charged offenses. After

no objections to the Report were filed by the parties, the district court adopted the Report and adjudged Movant guilty of both charges.

On June 26, 2018, the district court entered judgment and sentenced Movant to a term of 18 months' confinement in cause number 1:15-CR-5 to be served consecutively to the term imposed in cause number 1:14-CR-19.

Movant appealed both convictions and sentences to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit affirmed the judgments on May 23, 2019. *United States v. Mays*, No. 18-40628, 770 F. App'x 679 (5th Cir. May 23, 2019).

## The Motion to Vacate

Movant brings this Motion to Vacate, Set Aside, or Correct Sentence asserting that his conviction and sentence should be vacated because counsel provided ineffective assistance by failing to advise him of his unilateral right to withdraw his guilty plea until it is accepted by the court. Movant asserts that there is a reasonable probability he would have exercised this unilateral right if he had been properly advised by counsel.

## The Response

The government was ordered to show cause why relief should not be granted. In response, the government states that Movant's claims are without merit. The government contends that Movant cannot demonstrate counsel's performance was both deficient and prejudicial. Accordingly, the government asserts the Motion should be denied.

## Standard of Review

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the

constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255(a); *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. denied*, 504 U.S. 962 (1992).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). After conviction and exhaustion or waiver of any right to appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991) (en banc), *cert. denied,* 502 U.S. 1076 (1992). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

## Analysis

I.   *Ineffective Assistance of Counsel*

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. A defendant's Sixth Amendment right to counsel attaches at all critical stages in the proceedings "after the initiation of formal charges." *Moran v. Burbine*, 475 U.S. 412,

431 (1986). Plea negotiations are a critical phase of litigation in criminal proceedings and subject to the Sixth Amendment right to effective assistance of counsel. *See United States v. Rubio*, 629 F.3d 490, 493 (5th Cir. 2010).

The United States Supreme Court has addressed the issue of what a defendant must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668 (1984). In order to show that counsel was ineffective a defendant must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. In order to demonstrate the first prong of this test, a defendant must demonstrate that "'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 688). In order to demonstrate the second prong of the test, a defendant must demonstrate that counsel's deficient performance so prejudiced the defense that the defendant was denied a fair and reliable trial. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). A defendant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.") (quoting *Strickland*, 466 U.S. at 694). "The possibility of a different outcome is not enough." *United States v. Megwa*,

No. 20-10877, 2021 WL 3855498, at *1 (5th Cir. 2021). Instead, "the defendant must demonstrate that the prejudice rendered [the proceeding] fundamentally unfair or unreliable." *Crane*, 178 F.3d at 313 (quoting *Lockhart*, 506 U.S. at 369). Further, a reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

In *Missouri v. Frye,* 566 U.S. 134, 138 - 145 (2012), and *Lafler v. Cooper,* 566 U.S. 156, 162-163 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers that lapse or are rejected. In *Frye,* the Supreme Court specifically held that counsel has a "duty to communicate formal offers from the prosecution to accept a plea," and, in general, where such an offer is not communicated to the defendant, counsel "[does] not render the effective assistance the Constitution requires." *Frye*, 566 U.S. at 145. The Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington. Id.* at 145-147. In *Lafler,* the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 566 U.S. at 166. A defendant must demonstrate that "the outcome of the plea process would have been different with competent advice." *Id*. at 163. Further, counsel's erroneous estimate as to the length of sentence is not "necessarily indicative of ineffective assistance." *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). To establish ineffective assistance of counsel, the defendant must prove that counsel's performance was deficient and prejudicial. *See Strickland*, 466 U.S. at 687.

When a defendant pleads guilty on the advice of counsel, the attorney has the duty to advise the defendant of the available options and possible consequences. *Beckham*, 639 F.2d at 267; *Brady v. United States*, 397 U.S. 742, 756 (1970). "It is equally essential that the attorney advise a defendant of possible consequences where ... the defendant withdraws a negotiated guilty plea and stipulated sentence in the minimum range and instead stands trial and faces the maximum sentence." *Id.* Further, collateral relief is appropriate where trial counsel was ineffective by giving a defendant substandard advice about his sentence exposure under the Sentencing Guidelines during plea negotiations. *United States v. Day*, 969 F.2d 39, 44 (3rd Cir. 1992).

II.    *Change of Plea Hearing*

A review of the record reveals Movant was aware of his rights and voluntarily entered a plea of guilty. At the Change of Plea Hearing, Movant stated he was thirty-nine years old and had completed his Bachelor's degree from Paul Quinn College in Dallas, Texas. Movant acknowledged he was aware of his rights, including the rights to plead not guilty, to receive a trial by jury, to the assistance of counsel, to testify, to hear testimony against him, to compel the production of evidence, to call and subpoena witnesses, and to cross-examine the government's witnesses. Movant acknowledged his understanding of the waiver of these rights, and he had no questions for the court.

Movant was advised of the elements of the charges against him and acknowledged that he understood each of the elements required for conviction. Movant also acknowledged he understood these are the matters that the government is required to prove beyond a reasonable doubt in order to convict him if the cases went to trial. Movant acknowledged that he understood the range of punishment for both offenses and all possible consequences of his guilty plea.

Movant stated he had not been treated for any mental illness other than depression or any addiction to drugs of any kind, and he was not currently under the influence of any mind-altering drug, medication, or alcoholic beverage. Additionally, both Movant's counsel and counsel for the government affirmed there was no reason to doubt Movant's competence to plead guilty.

Movant acknowledged that he had fully discussed the indictments with his attorney, and they had discussed the facts of the cases and any possible defenses Movant may have. Movant stated he was satisfied with his attorney and was satisfied that counsel had fully thought about and considered his case. Counsel affirmed that he had fully and completely discussed each of the indictments with Movant.

Initially, Movant was less than forthright with the court regarding his guilt, claiming at one point he felt coerced. The magistrate judge explained to Movant that if he was not guilty he needed to go to trial. However, when questioned, Movant admitted he was pleading guilty on his own free will and because he was guilty of both charges.

In this case, a review of the record of the Change of Plea Hearing reveals Movant rejected the plea agreement offered by the Government and proceeded to plead guilty without the benefit of a plea agreement. Counsel asserted on the record that he did not join Movant in his decision to reject the deal offered by the Government. Counsel stated that he agreed with Movant's decision to plead guilty, but he did not join in his client's decision to plead guilty "open" instead of with a plea agreement in accordance with the plea negotiations they had. Counsel stated he had advised Movant, they had discussed Movant's decision, and that Movant knew what he was doing.

As set forth above, review of the record in this case reveals that Movant's current assertions are directly contradicted by his statements made in open court. Movant's current assertions do not

7

compel the conclusion that his plea was either unknowing or involuntary. "[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977)).

Movant has provided insufficient support for his claim of ineffective assistance against counsel. In light of the statements Movant made in open court at the Change of Plea hearing, it cannot be concluded that Movant's plea was involuntary or unknowingly entered. Further, at no point prior to his Motion to Vacate did Movant ever seek to withdraw his plea. In this case, in fact, Movant pleaded guilty without a plea agreement against the advice of his counsel. Accordingly, Movant has failed to show deficient performance on the part of trial counsel relating to his claims. As a result, Movant's claim should be denied.

Movant also has failed to make the requisite showing of prejudice regarding his claims. The possibility of a different outcome is insufficient to show he was prejudiced by counsel's alleged actions. Moreover, the record fails to demonstrate the outcome of the process would not have been different with the advice he now claims was essential because the record clearly shows Movant chose to chart his own course and proceeded to plead guilty without an agreement, against the advice of counsel. Movant has failed to show any prejudice related to his claims against trial counsel. Therefore, Movant's claims are without merit, and the Motion to Vacate should be denied and dismissed.

Recommendation

The Motion to Vacate, Set Aside, or Correct Sentence should be denied.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 20th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge